ROYAL BANK OF CANADA, demandante y apelado, *v.* SANTIAGO IGLESIAS SILVA, demandado y apelante.

No. 6340.—*Sometido:* Enero 15, 1934. *Resuelto:* Febrero 7, 1934.

*G. Cruzado Silva,* abogado del apelante; *J. Henry Brown, C. Ruiz Nazario, G. E. González,* abogados del apelado.

---

[*] NOTA: Véase el prefacio.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El demandado en una acción basada en dos giros aceptados apela de una sentencia adversa y el demandante solicita la desestimación del recurso. El apelante en su alegato sostiene que la corte de distrito cometió error al admitir los giros contra la objeción del demandado y al dictar sentencia a pesar del hecho de que el demandante había dejado de probar que era una corporación bancaria debidamente constituída de conformidad con las leyes de Canadá, autorizada para hacer negocios en Puerto Rico.

■ Al ofrecerse los giros como prueba, el demandado se opuso fundándose en que éstos no habían sido suficientemente identificados; porque no se había demostrado que el nombre del librado escrito al dorso de los giros, fuese la firma del demandado, y porque aparecía que tanto el librador como el librado habían aceptado los giros. Se presentó una contestación en forma de negación general, seguida por una llamada defensa especial a manera de admisión de que el demandado había aceptado ciertos giros, y la negativa de falta de suficiente información de que los giros copiados íntegramente en la demanda fueran los mismos que habían sido aceptados por el demandado. También contenía una alegación al efecto de que si bien los giros aparecían como suscritos por el demandado, él no podía admitir que su firma, tal cual había sido copiada en la demanda, fuera una copia fiel del original. Ya hemos resuelto que tal defensa es frívola. *Albert E. Lee & Son* v. *Sánchez,* 43 D.P.R. 367. La contestación no estaba jurada. El artículo 119 del Código de Enjuiciamiento Civil (Estatutos Revisados de 1911, 5103) dispone:

"Cuando se entable una acción fundada en un documento, y la demanda contenga copia del mismo, o ésta vaya unida a ella, la autenticidad y otorgamiento en forma de dicho documento se considerarán admitidos, a menos que se jure la contestación negando dicha autenticidad."

Tanto los giros como la firma del demandado fueron su-

164

ficientemente identificados. La palabra "aceptado" que aparece al dorso de cada uno de los giros estaba seguida, primero, por la firma del librado, y luego, por la firma del librador, y, según indica el funcionario del banco que identificó los giros y la firma del librado, la firma del librador fué un endoso y no una aceptación.

El apelante admite que si hubiese tratado directamente con el banco en vez de aceptar un giro bancario a éste, él hubiera estado impedido de negar la naturaleza y capacidad corporativa del banco para demandar. El mismo principio en cuya virtud el firmante de un pagaré a favor de un banco está impedido de negar la capacidad de éste para demandar, es aplicable, a nuestro juicio, con igual fuerza y por las mismas razones, a caso de un demandado en una acción iniciada por un banco como dueño y tenedor en el curso ordinario de los negocios de giros pagaderos al banco, aceptados por el demandado como librado, y endosados por el librador.

Ninguna de las cuestiones planteadas por el apelante en la forma en que han sido desarrolladas en el alegato requiere seria consideración y *el recurso debe ser desestimado por frívolo.*